IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, # 75206, ) | C/A No. 8:15-2126-TMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Director of SC Dept of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Paul Leslie Cox ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at Perry Correctional Institution. The Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner brings this action apparently requesting that his 1987 conviction of possession of contraband entered in the Greenville County Court of General Sessions be dismissed. [Doc. 1.] He states that he received a 10-year sentence. [*Id.*] Among other arguments, Petitioner alleges the indictment was wrongfully amended, and he was convicted in violation of double jeopardy. [*Id.*]

This Court takes judicial notice that Petitioner previously has filed a § 2254 habeas action related to the same 1987 conviction of possession of contraband, and this Court

---

[1]Although Petitioner filed this action on a § 2241 form, based on the substance of the Petition the Clerk of Court properly opened this action as a habeas action pursuant to § 2254. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis . . . .").

dismissed it as untimely with prejudice. *See Cox v. McCabe ["Cox I"]*, C/A No. 3:11-3113-TMC-JRM, 2012 WL 77017, at *2–3 (D.S.C. Jan. 10, 2012); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Petitioner filed an appeal, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal, denied Petitioner's motion to appoint counsel, and denied a certificate of appealability. *Cox v. McCabe*, 473 F. App'x 274 (4th Cir. 2012).

Also, this Court takes judicial notice that on January 20, 2015, Petitioner filed *Cox v. Gunn*, which this Court construed as a § 2254 habeas corpus action, to challenge his conviction of possession of contraband entered in the Court of General Sessions for Greenville County on August 4, 1987. This Court dismissed it because it was successive, and Petitioner had not obtained authorization to file it from the Fourth Circuit Court of Appeals. *See* Report and Recommendation, *Cox v. Gunn ["Cox II"]*, C/A No. 8:15-105-TMC-JDA (D.S.C. Feb. 12, 2015), ECF No. 8, *Report and Recommendation adopted by*, ECF No. 11 (D.S.C. March 9, 2015).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted,

is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam).  However, even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving

> permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This § 2254 action should be dismissed because it is successive to Petitioner's first § 2254 action, *Cox I*, which was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely); *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive). As discussed above, before Petitioner filed this action in the United States District Court for the District of South Carolina, he was required to obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

4

## **RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed *without prejudice* and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

June 10, 2015                                              s/Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).